UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**"IN ADMIRALTY"**

CASE NUMBER: _____

IN THE MATTER OF THE COMPLAINT OF:
B-SALT, LLC, as owner of the M/V *Manta Ray,* a 2023 40' Sightseer 40 Vessel bearing Hull Identification No.: OEE013DCG223, its Engines, Tackle, Appurtenances, Equipment, Etc., In a cause for Exoneration from or Limitation of Liability.

     Petitioner.
_____/

**PETITION FOR EXONERATION FROM OR
LIMITATION OF LIABILITY**

Petitioner, B-SALT, LLC (hereinafter "Petitioner"), as owner of the M/V *Manta Ray,* a 2023 40' Sightseer 40 Vessel bearing Hull Identification No.: OEE013DCG223, its Engines, Tackle, Appurtenances, Equipment, Etc. (hereinafter the "Vessel"), by and through undersigned counsel, and pursuant to the provisions of 46 USC § 30501 *et seq.*, Rule F of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture ("Supplemental Admiralty Rule F"), and the applicable local rules of the U.S. District Court for the Southern District of Florida, hereby respectfully petitions this Court for Exoneration from or Limitation of Liability for all claims arising out of an incident that occurred on December 27, 2023, on the navigable waters of the United States near Riviera Beach and Peanut Island in Palm Beach County, Florida, and as grounds therefore alleges:

     1.     This is a case of admiralty and maritime jurisdiction within the meaning of Fed. R. Civ. P. Rule 9(h), 28 U.S.C. § 1333, and U.S. Const. art. III, § 2.

CASE NUMBER: _____

2. This action is brought by Petitioner pursuant to the terms of the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.* and Supplemental Admiralty Rule F, governing Limitation of Liability Actions.

3. This Court has subject matter jurisdiction of this matter under 28 U.S.C. §§ 1331, 1333, and 46 U.S.C. § 30501 *et seq.*

4. Venue is proper pursuant to Supplemental Rule F (9) because the incident giving rise to potential claims of liability against Petitioner occurred within this Court's jurisdiction and because the Vessel is and remains within this district.

5. The M/V *Manta Ray,* a 2023 40' Sightseer 40 Vessel bearing Hull Identification No.: OEE013DCG223, its Engines, Tackle, Appurtenances, Equipment, Etc., (the "Vessel") is a seagoing vessel per 46 U.S.C. § 30506(a).

6. At all times material hereto, Petitioner, B-SALT, LLC, was a Florida Limited Liability Company whose principal place of business is in Palm Beach County, Florida.

7. At all times material hereto, Petitioner, B-SALT, LLC, was the registered owner of the Vessel.

8. The events, acts, and circumstances giving rise to this Petition occurred on the navigable waters of the United States near Riviera Beach and Peanut Island in Palm Beach County, Florida, on or about December 27, 2023, while the Vessel was engaged in maritime activity.

9. Petitioner seeks exoneration pursuant to Supplemental Admiralty Rule F (2) and, in the alternative, seeks to claim and invoke the rights, privileges, remedies, and procedures of the Shipowners Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*

10. At all times material hereto, the Vessel was seaworthy, properly, and efficiently manned, supplied, equipped, and furnished; and well and sufficiently fitted and supplied with

suitable machinery, tackle, apparel, and appliances, all in good order and condition and suitable for the use for which it was engaged.

11. At all times material, Petitioner exercised due diligence to make and maintain the Vessel in a condition such that it was fit for its normal and intended use.

12. The Vessel has not been attached or arrested *in rem* in any civil proceeding.

13. On or about December 27, 2023, the Vessel is alleged to have been operated by a representative of B-Salt LLC, on navigable waters near Riviera Beach and Peanut Island in Palm Beach County, Florida, when two individuals claim to have suffered injuries (hereinafter the "Incident"). The incident was not caused by the fault or neglect of the Petitioner. Petitioner at all times acted with reasonable care and prudence in the operation and maintenance of the vessel.

14. To Petitioner's knowledge, potential claimants to this action include: Lakisha Ross and Mark Hooper, c/o Rosenthal, Levy, Simon & Sosa, 1660 SW St. Lucie West Blvd 300, Post St. Lucie, Florida 34986.

15. After this incident, an attorney at Rosenthal, Levy, Simon & Sosa sent a letter to Petitioner, dated January 8, 2024, advising of his representation of Lakisha Ross and Mark Hooper in connection with this Incident.

16. This Complaint is filed within six (6) months of Petitioner's receipt of first written notice of a possible claim against him, arising from the subject incident and subject to exoneration from or limitation of liability; therefore, it is timely pursuant to the provisions of Supplemental Rule F.

17. The vessel was not damaged, lost, or abandoned.

18. Pursuant to Supplemental Rule F (2) and 46 U.S.C. § 30501 *et. seq.*, Petitioner seeks exoneration from or limitation of liability for any death, injuries, damages, and losses of

whatever description arising out of the aforesaid incident and desires to contest liability in the event claims are made or claimants allege they have valid defenses to the claims on the facts and law.

19. Subject to an appraisal, Petitioner's interest in the Vessel post-casualty does not exceed $198,000.00. The Commercial Marine Insurance Policy Declarations Page for the Vessel in effect at the time of the Incident reflects the Agreed Value of the Vessel at $198,000.00. [*See*, Insurance Policy Declarations Page, attached hereto as **Exhibit "1"**]. There was no pending freight at the time of the incident.

20. Subject to any appraisal of its interest upon reference, Petitioner deposits with the Court, as security for the benefit of claimants, a Letter of Undertaking from their insurer in the sum of $198,000.00, plus interest at 6% per annum from December 27, 2023, said sum being the value of the Petitioner's interest in the Vessel following the incident. The Letter of Undertaking is attached hereto as **Exhibit "2"**.

21. The incident described above was not caused or contributed by Petitioner's fault, negligence, or lack of due care.

22. Alternatively, the aforesaid incident was done, occasioned, and incurred without Petitioner's privity or knowledge.

23. Petitioner claims exoneration from or limitation of liability for any and all property damages, personal injuries, and/or death caused by the subject incident involving the Vessel, and for any claims thereof.

24. Any claims arising from the death, injuries, losses, or damages described above were done, occasioned, and incurred entirely without any negligence or other fault on the part of

4

CASE NUMBER: _____

Petitioner, or anyone for whom Petitioner may be legally responsible for, and Petitioner is entitled to exoneration from any liability for any such claims.

25. Petitioner, without admitting but affirmatively denying all liability, claims the benefits of the limitation of liability provided for in 46 U.S.C. § 30501 *et seq*., and the various statutes supplemented thereto and amended thereof, and to that end, Petitioner has filed with the Court, as security for the benefits of Claimants, a letter of undertaking, with interest and sufficient security, for the amount of the value of its interest in the Vessel, as provided for by Supplemental Rule F.

26. If it later appears that Petitioner may be liable and the amount or value of Petitioner's interest in the Vessel is not sufficient to pay all losses in full, then Claimants shall share *pro rata* in the aforesaid sum, saving Claimants any rights of priority they may have as ordered by this Court, or as provided by the aforesaid statute, or by the Federal Rules of Civil Procedure, Supplemental Rule F.

27. In the event the Court determines there was negligence or other legal fault in the operation and/or use of the Vessel which contributed in any way to any alleged death, injuries, losses, or damages on the part of any person, vessel, or other claims arising from the December 27, 2023, Incident, which negligence or other legal fault is denied by Petitioner, such negligence occurred wholly or in part without the privity or knowledge of Petitioner within the meaning of 46 U.S.C. § 30501 *et seq*.

28. Petitioner believes potential claims arising from this maritime incident may exceed the value of Petitioner's interest in the Vessel and pending freight (of which there was none) on the date of the incident at the end of the voyage.

29. By reason of the facts and circumstances set forth above, Petitioner claims the benefits of the provisions of 46 U.S.C. §30501 *et seq*. and Supplemental Rule F in this proceeding.

30. By reason of the foregoing, if any liability should be adjudged and imposed upon the Vessel, which liability is denied, then Petitioner is entitled to limitation from any such liability pursuant to 46 U.S.C. §30505 *et seq*.

**WHEREFORE PETITIONER, B-SALT, LLC, RESPECTFULLY REQUESTS:**

A. For an Order:

1. Approving the above-described Letter of Undertaking filed with the Court by Petitioner, as security for the amount or value of Petitioner's interest in the Vessel until such time the Court causes due appraisement to be made of the amount of the value of Petitioner's interest in the Vessel at the end of the aforesaid voyage; and

2. Directing the issuance of a monition to all persons claiming damages for any and all injuries and losses occasioned, incurred, or resulting from the aforesaid incident on December 27, 2023, directing them to file their claims with the Clerk of Court and to serve on or mail to the attorneys for Petitioner copies thereof on or before the date to be named in said monition, further to appear and answer the allegations of this Petition according to the law and practice of this Court at or before a time certain to be fixed by said monition; and

B. That an injunction shall issue restraining the prosecution of all suits, actions, and proceedings already begun to recover for damages sustained and arising out of, occasioned by or consequent upon the Incident aforesaid, and the commencement or prosecution thereafter of any suit, action or legal proceeding of any nature of

CASE NUMBER: _____

description whatsoever, except in the present proceeding, against Petitioner and/or the Vessel in respect of any claim or claims arising out of the Incident on December 27, 2023, above described; and

C. For a Decree adjudging:

1. That neither Petitioner nor the Vessel are liable to any extent for any losses, damages, or injuries or for any claim whatsoever, in any way arising out of or in consequence of the aforesaid Incident of December 27, 2023, as above stated;

2. Or, if Petitioner shall be adjudicated liable, then that liability be limited to the amount of the value of its interest in the Vessel at the time of the aforesaid Incident described in this Petition, and that any monies decreed to be paid be divided *pro rata* amongst such claimants as may duly prove their claims, saving to all parties any priorities to which they may be legally entitled, and that a decree thereupon be entered discharging Petitioner from any and all further liability; and that Petitioner may have such other and further relief as the justice of the cause may require.

Dated: July 5, 2024

        **Respectfully submitted,**

        **McALPIN FLOREZ MARCOTTE, P.A.**
        *Counsel for Petitioner*
        Brickell City Tower
        80 S.W. 8th Street, Suite 2805
        Miami, Florida 33130
        Tel: (305) 810-5400
        Fax: (305) 810-5401

        By: /s/ *Richard J. McAlpin*
        Richard J. McAlpin, Esq.
        rmcalpin@mfm-maritime.com

CASE NUMBER: _____

Florida Bar No. 438420
Daniel S. Marcotte, Esq.
dmarcotte@mfm-maritime.com
Florida Bar No. 52314
Matthew Street, Esq.
mstreet@mfm-maritime.com
Florida Bar No. 1013945